# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **D.G.**

**No. 22-767** (Preston County 20-JA-32)

## MEMORANDUM DECISION

Petitioner Mother B.G.[1] appeals the Circuit Court of Preston County's September 12, 2022, order modifying disposition and terminating her parental and custodial rights to D.G.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Because petitioner did not appeal from the lower court's original dispositional order, it is unnecessary to belabor the facts of the proceedings below. Instead, it is sufficient to set forth that the DHHR's petition from April 2020 alleged that petitioner abused and neglected the child by virtue of domestic violence in the home, petitioner's volatile behavior in the presence of the child, and her substance abuse issues, among other allegations.

Following her voluntary stipulation to some of the allegations in the petition, the circuit court entered its July 13, 2021, dispositional order, granting the parents disposition pursuant to West Virginia Code § 49-4-604(c)(5). Under that order, the parents did not lose their parental rights, but the child was placed in the custody of a great aunt. At that point, the parents could have only telephonic supervised contact with the child, which was to be supervised by the child's kinship placement. Petitioner did not appeal this order. Following disposition, the guardian ad litem filed a motion for modification of disposition on April 14, 2022, alleging that there had been a material change of circumstances because petitioner and the father continued to engage in criminal activity and failed to complete substance abuse treatment. The motion also asserted that petitioner had participated in a probation revocation and contempt hearing that resulted in petitioner self-reporting to jail. Finally, the kinship placement had informed the guardian ad litem

---

[1]Petitioner appears by counsel Michael Safcsak. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Counsel Kristen D. Antolini appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

that she wanted to adopt the child. The motion sought the termination of petitioner's parental rights.

Thereafter, the circuit court held a hearing on that motion on August 19, 2022. Petitioner did not appear at that hearing but was represented by counsel. During the hearing, petitioner's counsel told the court that, despite having knowledge of the hearing, petitioner "kind of fell off the [E]arth" during the two weeks prior to the hearing, with her attorney unable to reach her despite multiple calls and texts. An employee of the Life House Addiction Recovery program testified that petitioner and the child's father left that substance abuse program months before they could complete it. He had no information as to why petitioner left the program or where she went upon her departure. A court clerk from Monongalia County, West Virginia, testified regarding a docket sheet that showed petitioner had been charged with false pretenses on June 9, 2020, but that her probation had been revoked most recently on February 8, 2022, with a jail commitment order entered at that time. In addition, a DHHR case worker assigned to the case in October 2021 testified regarding petitioner yelling at and threatening the child's kinship placement and petitioner missing several scheduled calls with the child. The case worker testified that she supported the motion to modify the disposition so the minor child could be adopted by his kinship placement, which was in the child's best interests. The worker also testified as to the close relationship between the child and the kinship placement's family.

The continued hearing on the motion for modification was held on August 24, 2022. Petitioner again failed to appear but was represented by counsel. During that hearing, the guardian ad litem argued that petitioner had moved "substantially further away from the possibility of havin[g] [the child] in her care" due to the fact that she left the substance abuse treatment facility early, had served time in jail since the original disposition was entered, and had been difficult to reach. At the conclusion of that hearing, the court noted that it had given petitioner plenty of opportunities but that she did not "care enough to participate in these proceedings." Ultimately, the court found it was necessary to terminate petitioner's parental and custodial rights to the child and that it was in the child's best interest to achieve permanency through adoption by the kinship placement. The circuit court's order granting the motion for modification of disposition and terminating petitioner's parental and custodial rights was entered on September 12, 2022.[3] Petitioner appeals from that order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

The guardian ad litem filed her motion to modify disposition pursuant to West Virginia Code § 49-4-606(a), which provides, in part, that

> [u]pon motion of a child . . . alleging a change of circumstances requiring a different disposition, the court shall conduct a hearing pursuant to section six hundred four of this article and may modify a dispositional order if the court finds by clear and

---

[3] The father voluntarily relinquished his parental rights, and the permanency plan for the child is adoption in his current kinship placement.

convincing evidence a material change of circumstances and that the modification is in the child's best interests.

While petitioner argues that the circuit court erred by terminating her parental and custodial rights and responsibilities without evidence to support a finding that modification of disposition was in the child's best interests, she concedes in her brief that the guardian ad litem established evidence that indicated petitioner's situation had "somewhat worsened from the time she was granted a disposition . . . to the time the [c]ourt modified the disposition." She also concedes that relevant case law indicates that a change of circumstances can be established when a parent's situation has worsened.

As this Court recently found, upon a motion for modification of disposition,

> [a]fter holding multiple hearings, the circuit court found that petitioner's negative prognosis for improved parenting constituted a material change in circumstances. The circuit court further concluded that modification was in [the child's] best interests. These findings are consistent with the evidence and the requirements of West Virginia Code § 49-4-606 that must be met before a dispositional order may be modified. . . . In the instant case, the worsening of petitioner's condition was the change in circumstances that justified the modification.

*In re J.P.*, No. 19-0472, 2020 WL 6542021, at *4 (W. Va. Nov. 6, 2020) (memorandum decision).

Similarly, when the June 25, 2021, dispositional hearing was held in this case, petitioner was in treatment to address her substance abuse issues. The resulting dispositional order provides that if the adult respondents desire to modify the disposition in this matter, they shall provide proof to the court that "they have sought treatment and addressed the issues related to domestic violence, in addition to successful completion of substance abuse treatment and the establishment of long-term sobriety." Shortly after the hearing, petitioner left that treatment program on July 9, 2021, months shy of successful completion. There was also unrebutted testimony regarding petitioner's subsequent incarceration, failure to communicate with her attorney and the child, and her lack of participation in the proceedings following the original disposition that support the court's order modifying disposition.

As this Court determined in *In re J.P.*, the worsening of petitioner's condition, as detailed above, was the change in circumstances that justified modification. As such, there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected, and termination of parental rights was warranted. *See* W. Va. Code § 49-4-604(c)(6). For the foregoing reasons, we find no error in the decision of the circuit court, and its September 12, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn